UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRYAN ROZENGARD,

        Plaintiff,            Case No. 1:25-cv-444

v.                                   Honorable Phillip J. Green

UNKNOWN VALONE,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c).  Because the named Defendant has not yet been served, the undersigned concludes that Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendant is not a party who will be served with or given notice of this opinion.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Given that dismissal, the Court will also deny as moot Plaintiff's motion for summary judgment (ECF No. 2).

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred there. Plaintiff sues ECF Librarian Unknown Valone.

Plaintiff alleges that in January of 2025, he asked Defendant for a form "complaint for divorce." (Compl., ECF No. 1, PageID.3.) Plaintiff contends that Defendant refused to provide that form to him, which Plaintiff avers violated his right to access the courts. (*Id.*) Plaintiff filed a grievance about the issue. (*Id.*) He sets forth that his grievances were denied at all three steps. (*Id.*) Plaintiff faults Defendant, as well as the MDOC, for not upholding their legal responsibility to participate in the administrative exhaustion process. (*Id.*) He contends that Defendant and the MDOC "misuse [the] PLRA to block access to the courts." (*Id.*)

Plaintiff seeks $1.00 in nominal damages and $15,000.00 in punitive damages. (*Id.*, PageID.4.) Plaintiff also asks that the Court "issue an opinion that shows both parties must attempt to resolve or PLRA is not applicable," as well as injunctive relief in the form of directing the MDOC to "ensure all incarcerated persons have access to [a] complaint for divorce." (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

5

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Access to the Courts

As set forth above, Plaintiff contends that Defendant violated his right to access the courts by denying him a form complaint for divorce.

To state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). In other words, a plaintiff must plead that the defendant's actions have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

6

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

Here, Plaintiff alleges only that he was denied a form complaint for divorce. An action for divorce is not a direct appeal, a habeas corpus application, or a civil rights claim. Plaintiff simply had no constitutional right to access the courts to pursue a complaint for divorce and, therefore, fails to plead facts regarding the cause of action and lost remedy that rise to the level of a First Amendment violation. *See Rice v. Turner*, No. 17-cv-2684, 2018 WL 3067767, at *6 (N.D. Ohio June 21, 2018) (noting that "Plaintiff is not guaranteed access to the courts for a domestic relations action" (citing *Lewis*, 518 U.S. at 355)). For that reason, Plaintiff's access to the courts claim will be dismissed.

7

## B. Issues Regarding Grievance Process

Plaintiff also takes issue with the handling of his grievances regarding Defendant's refusal to provide a form complaint for divorce. As an initial matter, various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And, Michigan law does not create a liberty interest in the grievance procedure. *See Olim*, 461 U.S. at 249; *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, any interference with the grievance process or inadequate responses to Plaintiff's grievances did not deprive Plaintiff of due process.

Moreover, to the extent that Plaintiff intended to allege that his right to petition the government was violated by any interference with the grievance process, this right is not violated by a failure to process or act on his grievances. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition

8

protects only the right to address government; the government may refuse to listen or respond).

Likewise, any inaction or action by Defendant or the MDOC did not bar Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *Cf. Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required).

Accordingly, for the reasons set forth above, Plaintiff's complaint will be dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Given that dismissal, Plaintiff's motion for summary judgment (ECF No. 2) will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: April 30, 2025                         /s/ Phillip J. Green
                                                                                       PHILLIP J. GREEN
                                                                                       United States Magistrate Judge